OPINION
{¶ 1} The defendant-appellant, Devon Pickering ("Pickering"), appeals the judgment of the Allen County Common Pleas Court sentencing him to prison.
 {¶ 2} On December 15, 2005, the Allen County Grand Jury issued two indictments against Pickering. The first indictment was issued in Allen County Common Pleas Court case number CR-2005-0491, which is currently before us. The indictment charged Pickering with one count of attempt to carry a concealed weapon, a violation of R.C. 2923.02 and 2923.12(A) and (D), a felony of the fifth degree. The alleged criminal activity occurred on October 3, 2005. The second indictment was issued in Allen County Common Pleas Court case number CR-2005-0570. The indictment charged Pickering with three counts of rape, violations of R.C. 2907.02(A)(1)(b), felonies of the first degree, with the specification that the victim was under the age of thirteen. The indictment alleged that three offenses occurred; the first between March 1, 2005 and March 30, 2005, the second on August 1, 2005, and the third on October 19, 2005.
 {¶ 3} On March 7, 2006, the trial court held a joint change of plea hearing. Pickering completed a negotiated plea form, indicating his plea of no contest to two counts of rape and one count of attempt to carry a concealed weapon. In return, the State of Ohio ("State") dismissed the third rape charge. On the same date, the trial court filed its judgment entry of conviction.
 {¶ 4} On May 10, 2006, the trial court held a joint sentencing hearing. Guided by the Ohio Supreme Court's holding inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the court sentenced Pickering to two five-year prison terms to be served concurrently for the rape counts. The court also sentenced Pickering to serve a six-month prison term consecutive to the two, concurrent five-year prison terms, for an aggregate sentence of five years and six months. On May 11, 2006, the trial court filed its sentencing judgment entry. Pickering appealed the trial court's judgment, and we consolidated the cases only for oral argument. Pickering asserts a sole assignment of error:
The sentence imposed was imposed pursuant to ajudicially-created version of Ohio sentencing laws, that appliedretroactively to Mr. Pickering, violated his right to freedomfrom ex post facto laws.
 {¶ 5} Pickering contends the sentence violates his due process rights because the effect of Foster is to create an ex post facto law. Pickering contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision. Under Bouie v. Columbia (1964),378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, Pickering contends the test of whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Pickering argues thatFoster did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was an unanticipated remedy. Pickering essentially seeks the benefit of Foster's substantive holding, but he wishes to avoid the remedial holding.
 {¶ 6} For the reasons articulated in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find Pickering's argument without merit. We note, as to this case, that each offense occurred subsequent to the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, which supports our conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for a fifth degree felony has remained unchanged, so Pickering had notice of the potential sentences for each offense. The sole assignment of error is overruled.
 {¶ 7} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment affirmed.
 Shaw and Cupp, JJ., concur.